## ED. WHITMORE *v.* REESE POINDEXTER.

FURNISHER'S LIEN.  *Sec.* 3542 *a*  (*T. & S. Rev. S.*) *construed.*  This section clearly intended to give the owner of land rented a security for supplies, implements of industry, or work stock furnished to tenants, and also the same to a tenant as against his sub-tenant—this latter lien to be subordinate to the lien of the landlord for rent. This lien is only given by the act to the landlord, and to lessees as against sub-tenants. Its character and effect is the same as the landlord's lien given by secs. 3539–40–41–42 of the Code.

### FROM FAYETTE.

Appeal from the Circuit Court.  THOS. J. FLIP-PIN, Judge.

E. H. SHELTON for complainant.

PULLIAM, DORTCH and SCRUGGS for defendant.

FREEMAN, J., delivered the opinion of the court.

Reese Poindexter commenced three actions of re-plevin—two before a justice of the peace, and one in the Circuit Court of Fayette county—for cotton in bales, for lint cotton, and cotton seed. The cases from the justice were taken by appeal to the Circuit Court, where they were consolidated and heard together, all depending on the same facts and the same question of law.

The only question in the case is, whether Reese Poindexter, trustee, has the right to the cotton under

a deed of trust executed to him the 10th of May, 1872, or whether Ed. Whitmore is entitled to it under a contract of date 27th of April, 1872.

The deed of trust is a conveyance of all the cotton and corn crop that George Poindexter was then cultivating on the farm of Ed. Whitmore, Sr., it being the product of twenty-seven acres of cotton and about ten acres of corn. This was made in consideration of supplies furnished and to be furnished the said George by plaintiff Reese Poindexter. It was stipulated that plaintiff was to have power to sell and control the crop, and after selling the same, to pay over to said George the remainder that might be found when all debts due plaintiff and such as he was security for had been discharged. This conveyance was duly noted for registration May 13, 1872.

The contract alluded to is, in substance, as follows: It is made by the said George Poindexter and Albert Poindexter, and recites they had rented the land on which the cotton was grown, gives the terms of the renting, and then says that it is "agreed that the party of the first part, to-wit, Ed. Whitmore, Jr., the defendant, by virtue of this contract, has and shall retain a lien on the crop raised on said land until all the indebtedness for supplies, merchandise, securities, etc., shall be paid that may be necessary during the year 1872.

This contract was intended to be in pursuance of sec. 3542 a of the Code, act of 1870, ch. 121, T. & S., which is as follows:

"Any debt by note, account or otherwise, contracted

for supplies, implements of industry, or work-stock furnished by the owners of land to lessees, or by lessees to sub-tenants, and used in the cultivation of the crop, shall be and constitute a lien upon the crop growing or made during the year upon the premises, in as full and perfect a manner as now provided in secs. 3539–40–41–42 of the Code of Tennessee with regard to rents: *provided,* the said lien is expressly contracted for on the face of the note, or writing, between the owners of the land and lessees, or between the lessees and sub-tenants; *and provided further,* that the agreement or contract so entered into shall not have priority of lien over the lien of the owner of the land for the rent."

This statute, though very inartificially drawn, was clearly intended to give the owner of land rented a security for supplies, implements of industry, or work-stock furnished to tenants to enable them to cultivate the land during the year of renting, and also the same to a tenant as against his sub-tenant, this latter lien, however, to be subordinate to the lien of the landlord for his rent.

This lien is only given by the act to the parties mentioned—that is, to the landlord and lessees, as against sub-tenants—but is not provided or authorized in favor of other parties. Its character and effect is to be the same as the landlord's lien, as given by the sections of the Code referred to. In a word, it has all the incidents of said lien, and is to be enforced in the same way, and has no element in it stronger, or conveying a higher right in or to the

crop, than said lien of the landlord under the section cited. The lien is not a right to the property or in the crop, but only a right to enforce a charge created by the contract, by the process of law as provided for enforcing the landlord's lien for rent—that is, by an original attachment, or by judgment at law, and execution issued, to be levied on the crop in whosesoever hands it may be; or, as provided in sec. 3542, the party having the lien may recover from the purchaser of the crop, with notice of the lien, the value of the property, so that it does not exceed the amount of rent due and damages.

The Circuit Judge held in accordance with the above view of the case, the jury found for the defendant, and the proof sustains the verdict. Let the case be affirmed.